UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLEN SURAT,

    Plaintiff,

vs.

THE NIELSEN COMPANY (US), LLC

    Defendant.

CASE NO. 8:12-cv-01297-EAK-TGW

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, THE NIELSEN COMPANY (US), LLC (hereafter "Defendant"), hereby files its Answer and Affirmative Defenses to the Complaint filed in the above-styled action by Plaintiff, GLEN SURAT ("Plaintiff"), and states:

### JURISDICTION AND VENUE

1. Admitted only that Plaintiff alleges this is an action for damages exceeding $15,000.00.

2. Admitted only that venue is proper in the Middle District of Florida, Tampa Division.

### ADMINISTRATIVE PREREQUISITES

3. Without knowledge and therefore denied.

4. Admitted only that Exhibit A speaks for itself. Denied that Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations alleging any discrimination under the Florida Civil Rights Act.

5. Admitted.

6. Admitted only that the attached Right to Sue speaks for itself.

7. Admitted.

8. Admitted.

## PARTIES

9. Without knowledge and therefore denied.

10. Admitted.

## GENERAL ALLEGATIONS

11. Denied.

12. Denied.

13. Without knowledge and therefore denied.

14. Admitted only that Plaintiff requests a jury trial.

## FACTUAL ALLEGATIONS

15. Admitted.

16. Admitted only that Plaintiff has a brown complexion and claims to be of East Indian ancestry. Otherwise, without knowledge and therefore denied.

17. Admitted.

18. Admitted only that Plaintiff's performance was once rated "exceeds expectations". Otherwise, denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted only that Plaintiff was given separation paperwork dated January 3, 2011.

27. Denied.

## COUNT I
## FCRA – AGE DISCRIMINATION

28. Defendant realleges and incorporates its answers to Paragraphs 1 through 27 above as if fully set forth herein.

29. Admitted.

30. Denied.

31. Denied.

32. Denied.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT -
## NATIONAL ORIGIN DISCRIMINATION

33. Defendant realleges and incorporates its answers to Paragraphs 1 through 27 above as if fully set forth herein.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

38. Defendant realleges and incorporates its answers to Paragraphs 1 through 27 above as if fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

## DEMAND FOR JURY TRIAL

42. Admitted only that Plaintiff demands a jury trial.

43. Any unanswered averments are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Court lacks jurisdiction over the subject matter of the Complaint with respect to the alleged wrongful employment actions which were not the subject of a timely filed charge of discrimination and timely filed lawsuit against Defendant or which were not in the reasonable scope of the investigation of any timely filed charge.

### SECOND DEFENSE

All actions affecting Plaintiff were based on legitimate non-discriminatory reasons. Alternatively, Defendant would have taken the same actions despite any proven discriminatory motive.

### THIRD DEFENSE

Plaintiff suffered no adverse employment action or economic consequences because of any alleged discrimination by Defendant.

### FOURTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to file a charge with the Florida Commission on Human Relations alleging discrimination or retaliation in violation of the Florida Civil Rights Act.

### FIFTH DEFENSE

All or some of Plaintiff's claims may be barred because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any corrective opportunities provided by Defendant or to avoid harm otherwise.

### SIXTH DEFENSE

Any failure by Plaintiff to mitigate any alleged damages may bar the recovery of alleged damages.

### SEVENTH DEFENSE

Defendant is not vicariously liable for the alleged discriminatory decisions of managerial agents when those decisions are contrary to Defendant's "good-faith efforts" to comply with anti-discrimination law.

### EIGHTH DEFENSE

Plaintiff is not entitled to punitive damages since there is no willful or wanton violation of any statute or other legal requirement attributable to this Defendant.

## NINTH DEFENSE

Some or all of Plaintiff's employment discrimination claims and allegations may be barred by a statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Acts of discrimination or retaliation, if any, are outside the course and scope of the alleged employment of Plaintiff's coworkers or supervisors.

## ELEVENTH AFFIRMATIVE DEFENSE

Any back pay, front pay or other damages to which Plaintiff claims he is entitled must be offset by any interim earnings and benefits that Plaintiff has received or will receive in the future.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendant's actions were not malicious, egregious, in bad faith, wanton, or in willful or reckless indifference to any legal rights of Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that evidence is discovered that would have given Defendant a basis for termination of Plaintiff's employment distinct from the actual reason Plaintiff's job ended, such evidence may bar part or all of Plaintiff's claims for relief.

The foregoing defenses are based on facts currently known to Defendant. Defendant reserves the right to amend or add defenses based on facts later discovered, pled or offered.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, and enter judgment in Defendant's favor, and award Defendant its costs, attorney's fees, and any other relief that this Court deems appropriate.

Dated this 15th day of June, 2012.

          By:/s/ Cathy J. Beveridge
          Cathy Beveridge
          Florida Bar No. 831018
          FOWLER WHITE BOGGS P.A.
          501 E. Kennedy Blvd, Suite 1700
          Tampa, FL 33602
          Tel: (813) 222-1145
          Fax: (813) 229-8313
          Email: cbeveridge@fowlerwhite.com
          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

          Wolfgang M. Florin, Esquire
          Greg Owens, Esquire
          Florin, Roebig, P.A.
          777 Alderman Road
          Palm Harbor, FL 34683

          /s/ Cathy J. Beveridge
          Cathy J. Beveridge

44697908v1